

**DEREK SMITH**
LAW GROUP, PLLC
Sexual Harassment and Discrimination Lawyers

December 8, 2021

*12/9/2021*
*I will make an*
*exception in this case*

**Via ECF**
Hon. Colleen McMahon, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

> **Re:** ***Barry v. Macy's Inc., et al.*, No 1:20-cv-10692 (CM)**

**MEMO ENDORSED**

Dear Judge McMahon:

This firm represents the above-named Plaintiff in this matter. I write on behalf of all Parties to respectfully ask that our current December 15, 2021 deadline to submit a Joint Pretrial Order (and other pre-trial filings) be postponed – preferably until after Defendants' anticipated summary judgment motion is decided, but if not, then at least by another month. Defendants Bloomingdale's, LLC, Bloomingdale's, Inc., Macy's, Inc., Natalia Surazhsky, and April Dito (collectively, "Defendants"), join in this request and state they intend to file an omnibus summary judgment motion on or shortly before December 15, 2021, seeking summary judgment on all of Plaintiff's claims against each of the Defendants.

My client has been living in Guinea, Africa in recent months to be near his extended family while recovering from his various medical conditions and receiving further treatments. I confirmed with him today that he is still there and plans to remain there indefinitely – but his English is poor, which makes conferring with him remotely quite difficult unless a French translator (or my French-speaking colleague located in Paris) is on the telephone or virtual conference with me. This all makes preparing a pretrial order extraordinarily difficult and time-consuming.

Moreover, in all objectivity and candor, I expect Defendants' summary judgment motion to be very strong; although Plaintiff adamantly and sincerely believes he was harassed and discriminated against, the direct evidence of such adduced in discovery is limited, and Defendants' testimony and evidence to the contrary is ample.

For all of these reasons, it does not seem logical for any of us to invest the significant time and efforts needed for the Parties to prepare (and for the Court to review) a Joint Pretrial Order (and proposed requests to charge, voir dire questions, and jury instructions), unless and until summary judgment is denied. We realize that Your Honor's Individual Rule VII.B states that "[t]he filing of a motion for summary judgment does not excuse or extend the time for filing the pretrial order unless the Court otherwise directs," and that "[s]uch applications are disfavored." However, in light of the various circumstances outlined above, we respectfully submit that this is one of the exceptional cases in which the Joint Pretrial Order should not be required until after summary judgment is decided.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/9/2021

NYC Office Address: One Penn Plaza, Suite 4905 New York, NY 10119| Tel: 212-587-0760| Fax: 212-587-4169
www.discriminationandsexualharassmentlawyers.com

Accordingly, the parties jointly respectfully request *at least* a 30-day extension of the December 15, 2021 Joint Pretrial Order due date, but preferably an indefinite postponement of that deadline. We appreciate your consideration in this regard.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC

By: */s/ Daniel S. Kirschbaum*
Daniel S. Kirschbaum, Esq.

CC (via ECF):  All Counsel